A. V. KERNS, RESPONDENT, v. GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, APPELLANT.[*]

Kansas City Court of Appeals.   May 20, 1929.

[*]Corpus Juris-Cyc. References: Appeal and Error, 3CJ, section 1587, p. 1410, n. 42.

*Thomas & Thomas* for appellant.

*John M. Campbell* and *M. D. Campbell* for respondent.

ARNOLD, J.—This is an action to recover on a policy of fire insurance.

The facts of record are that defendant is a corporation organized and existing under the laws of the State of New York, authorized to

do business in the State of Missouri, and engaged in issuing policies of insurance against loss and damage by fire.

On May 27, 1924, defendant issued its policy of fire insurance upon certain buildings located on lands owned by plaintiff in Adair county, Missouri, described in the application for insurance, as being in Section 31, Township 62, Range 13, and Section 6, Township 61, Range 13, in said county, the buildings thus insured being described as follows: A shingle roof frame dwelling valued at $2500, and a barn valued at $1000. The policy recites the insurance was for a period of five years from May 29, 1924, for the consideration of $30 paid on signing the policy, and $120, payable in instalments of $30 each, on May 1, 1925, 1926, 1927 and 1928, as evidenced by a promissory note. The instalments for 1925 and 1926 were paid. The policy recites that the insurance was in items as follows: $1500 on the house, including foundations attached, immovable fixtures, plumbing, heating · and lighting apparatus, porches, storm doors and screens, and $1000 on barn and sheds attached, including foundations and fixtures therein or thereon. The dwelling and barn described in the policy were totally destroyed by fire May 9, 1927. By reason of the Missouri Valued Policy Statute the value of the destroyed property is not in issue. The prayer is for $2500 for the value of the house and barn, with interest on that amount, $250 as statutory penalty for vexatious delay and $200 attorney's fee.

The amended answer admits defendant's corporate *status*, the execution of the policy upon the buildings as stated in the petition, but denies that the petition pleads or sets out all the terms and conditions contained in said policy; admits that plaintiff agreed to pay the premium for the policy as pleaded; that sometime after May 1, 1927, plaintiff notified defendant of the loss and damage to his property by fire, and that defendant immediately denied any liability under the terms of said policy, and denies all other allegations of the petition. As affirmative defense, the amended answer alleges that under the terms of the note given and the policy, defendant is not liable for any loss or damage to the property occurring while any portion of the note is due and unpaid; that the instalment due May 1, 1927, was due and unpaid; and, as further affirmative defense, the amended answer avers that on December 8, 1926, plaintiff sold and conveyed by warranty deed fifty-two and thirty-two hundredths acres of land which was a part of the realty upon which were located the buildings mentioned in the policy, and also was part of the real estate mentioned in the application for the insurance; that the policy contained the following stipulation:

"This policy shall be void in case any change shall take place in the title, possession or interest of the assured in the above-mentioned

property or any part thereof; or if the assured shall not be the sole and unconditional owner in fee of said property;'' and at the time of the sale and conveyance of said fifty-two and thirty-two hundredths acres, plaintiff did not inform defendant of the same; that therefore the terms of the policy were breached and defendant is not liable thereon; that on May 25, 1927, defendant returned to plaintiff his said instalment note, representing the *pro-rata* unearned premium by reason of the lapse and cancellation of said policy, as a result of the failure of plaintiff to pay the instalment due May 1, 1927; that such tender was made immediately after liability had ceased, and that such tender has been a continuous one since May 25, 1927.

Upon the issues thus made, a jury was waived, and the cause went to trial to the court. There was a judgment for plaintiff in the sum of $2581, including interest; and for defendant for the penalty for vexatious delay and attorney's fee.

At the request of defendant the court gave certain declarations of law and refused others. Motions for a new trial and in arrest of judgment were overruled and defendant has appealed.

Three assignments of error are presented in support of the appeal, namely, (1) that the court erred in refusing defendant's requested instruction No. 2; (2) in not finding for defendant, and (3) that the judgment is excessive. The instruction offered and refused to which reference is made in the first charge of error, reads as follows:

''The court declares the law to be that if (you) find and believe from the evidence that the plaintiff A. V. Kerns, at any time subsequent to the 29th day of May, 1924, the date the policy was issued and prior to the —— day of May, 1927, the date of the fire mentioned in evidence, conveyed by warranty deed or other mode of disposition, his interest in and to fifty-two and thirty-two hundredths acres of land and that the said fifty-two and thirty-two hundredths acres was part of the real estate mentioned in the policy of insurance and the application introduced in evidence and that the said fifty-two and thirty-two hundredths acres of land were conveyed by plaintiff Kerns without the knowledge or consent of the defendant, then the finding and judgment of the court shall be for the defendant.''

In support of its contention that this instruction should have been given, defendant cites the clause in the policy which provides:

''This policy shall be void in case any change shall take place in the title, possession, or interest of the assured in the above mentioned property or any part thereof; or if the assured shall not be the sole and unconditional owner in fee of said property.''

The testimony shows that fifty-two and thirty-two hundredths acres, which was a detached portion of the land imperfectly described

in the policy and upon which the insured property (to-wit, the house and barn) was not located, was sold by plaintiff and transferred on December 8, 1926, by warranty deed to one Joseph Gatton. There is no dispute as to this fact.

The description of the land in the policy is for the purpose of identifying and locating the specific property insured, to-wit, the house and barn. There is no provision in the application for the policy, or in the policy itself, prohibiting the insured from selling any part of the land, other than the property insured. The provision in the policy quoted above has reference to a change in the title, possession or interest of the assured in the insured property, and not to that part of the land not insured.

Defendant's assignment of error No. 2 is necessarily passed upon in what we have already said; and its assignment No. 3, that the judgment is excessive, not being briefed, is deemed abandoned.

The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.